## HAVANA CITY RY. CO. v. CEBALLOS.

(Circuit Court, S. D. New York. July 20, 1904.)

1. BREACH OF TRUST.

P. assigned to complainant his interest in a concession by a city for a horse car line, and agreed to make proper transfer by deed when the city should grant the right to use electricity as a motive power for the road. Defendant received the assignment to hold in escrow in accordance with such agreement. *Held*, that P. never having acquired the right to use electricity as a motive power, and having informed complainant that he could not secure such right, which was an essential condition to the contract of assignment, there was no breach of trust by defendant in thereafter proceeding in the matter for himself, he not having conspired with P. or any one else to prevent complainant from getting its full concession for horse and electric power.

In Equity.

C. G. Patterson, for complainant.

Adams & Adams, for defendant.

PLATT, District Judge. This is an action in equity, asking for an accounting. The gravamen of the charge is that the defendant agreed to act for the complainant as its agent and trustee for a special purpose, and took advantage of his position to deal in the subject-matter of the agency and trust to his own profit, and to the exclusion of his principal. The record has been examined with interest by reason of defendant's contention that the complainant company has for one reason and another been so treated by its controlling spirit, Mr. Alexander, that nothing remains of sufficient materiality to fill the role of a party in a court of equity. It sets forth a case of promotion and stock management which is somewhat unique, and a close analysis might serve to so dissect and dismember the original entity as to leave nothing of substance existing. Furthermore, the story tends to cast a shadow of suspicion upon the immaculate purity of the corporation's doings. The court will not, however, attempt to grasp all the side lights and shades which the story suggests. It will be assumed, for the purpose in hand at this moment, that the complainant corporation exists; that its hands are clean; that its stock has not drifted into a control which fails to sanction the present suit; that it was not ultra vires for the corporation to acquire the concession of the Cuban railroad, and to build and manage the same after obtaining it; and we then approach its relations with the defendant, and the rights which it has as against him, to inquire whether or not, on the pleadings and proofs, a cause of action can be found. It is thought that a brief statement will indicate the natural answer. Prior to October 22, 1895, Francisco Pla, of Havana, Cuba, had become the owner of a preliminary concession to construct and

operate a line of horse car railway upon certain streets in the city of Havana. On the above day he assigned his interests in such concession by this assignment:

"80 Wall St., New York, Oct. 22, 1895.

"For value hereby received I hereby sell, assign and transfer unto the Havana City Railway Company of West Virginia U. S. A., all my right, title and interest into the concession for a horse car line heretofore granted by the City of Havana to Manuel De La Torre, upon the plans filed by Col. J. Ruiz and agree to follow this assignment by proper transfer by Deed to said Co. when said Havana authorities shall grant Electricity as a motive power for said road.                                                 Fr. Pl'y Picabia."

Defendant then at once signed the following receipt:

"80 Wall St., New York, Oct. 22, 1895.

"I have received from Mr. F. Pla, of Havana, Cuba, an assignment to you of the horse car concession granted by the City of Havana to Manuel De La Torre, which I am to hold in escrow in accordance with the terms of the agreement made yesterday between your company and Mr. Pla, which I trust I hereby accept.

"[Sgd]                                                     J. M. Ceballos."

Hugh Alexander, president of complainant, prepared both documents. Pla never acquired the right to use electricity as a motive power. The time never arrived, therefore, for following the assignment of the preliminary concession by a proper deed which would vest the concession positively in the plaintiff, and Mr. Alexander so concedes in plain set terms. On August 24, 1897, Mr. Pla wrote Alexander that he could not secure the change of motive power, which was an essential condition to the contract of October 22, 1895, and that he might, therefore, consider the agreement canceled. If that were the exact situation, this cause would be without purpose. After August 24, 1897, the papers held by defendant in escrow were of no value, unless they might have been helpful to the complainant in a suit against Pla for breach of his contract; but complainant did not wish them for that purpose, and has refrained from bringing any such action. No fiduciary relation any longer existed as between complainant and defendant, and no valid reason appears which would preclude the defendant from negotiating on his account for the concession. There was only one chance to hold defendant, and that was to allege and prove that he induced Pla to refrain from adding electric power to the concession, so that he could not be compelled to make the deed to the plaintiff, and then proceeded to deal with him in the same matter. That allegation was made, and probably saved the complaint from an earlier dismissal; but the proofs do not, so far as I can read them, support the allegation. And, too, after Pla notified Alexander that the agreement was canceled, the latter proceeded to deal in the concession as if it were actually in hand and available as an underlying security (although his Spanish lawyer advised him otherwise), and he took in quite a number of thousand dollars based upon such an insecure foundation. And, last of all, Alexander was willing to settle up the entire affair with Pla for $5,000 cash. The complainant company kept no books; but if it had kept books, and Alexander had settled with Pla for $5,000, and if that amount had found its way into those books, it is not unlikely that it would have been charged to expense. I cannot find a scintilla of proof which dem-

onstrates that defendant conspired with Pla, or anybody else, to prevent the plaintiff from gaining its full concession to both horse and electric power in the city of Havana.

Let the complaint be dismissed, with costs.